UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD OLSON,

                Plaintiffs,                        Case Number 12-10905
                                                        Honorable Thomas L. Ludington

 v.

RWC, INC., BARGAINING EMPLOYEES'
PENSION PLAN,

                Defendant.

_____/

**ORDER DETERMINING STANDARD OF REVIEW AND EXTENDING MOTION
FILING DEADLINE**

On April 24, 2012, the Court issued an ERISA action scheduling order directing the parties to, in relevant part, file a statement as to the appropriate standard of review in the case on or before May 8, 2012.  ECF No. 7. Defendants filed a statement on May 7, 2012, contending that the appropriate standard of review is the arbitrary and capricious standard; Plaintiff's May 8, 2012 statement submits that the appropriate standard of review is de novo.  ECF Nos. 8, 9. On May 24, 2012, the Court ordered the parties to provide supplemental briefing explaining (1) the justification for denying Plaintiff's benefits; (2)  who made the decision to deny Plaintiff's benefits; and (3) the authority within the Plan providing the basis for denying Plaintiff's benefits.

Both parties' supplemental brief explain that Plaintiff's benefits were denied pursuant to Article 8, Section 8.2(a) of the Plan because he voluntarily terminated his employment on April 21, 2008, and thus was not employed on May 1, 2008, the effective date of his disability according to the Social Security disability decision. Plaintiff then received a revised Social Security disability decision, concluding that March 14, 2008 was the onset of his disability. Defendant advised Plaintiff that the "finding is that you do not qualify for a disability pension benefit with the RWC Bargaining

Pension Plan." ECF No. 12 Ex. 9. Defendant's supplemental brief explains that Plaintiff's second request for benefits was denied pursuant to Section 8.2(c) of the Plan because as of the date his employment terminated, he had not been disabled for a period of six consecutive months. Plaintiff's union then filed a grievance on his behalf, which Defendant denied because the benefit claim was untimely, not subject to grievance procedures and not arbitrable.

Plaintiff's supplemental brief notes that the first decision denying benefits was made by Defendant's human resources manager but did not provide additional material to perfect his claim or a description of the Plan's review procedures and thus did not comply with ERISA. The second benefit denial decision was made by the Plan Administrator, but Plaintiff contends it likewise did not comply with ERISA because the denial letter did not specify the specific reasons for the denial or comply with the other mandatory requirements. Defendant contends that both decisions were made by the Plan Administrator but the human resources manager communicated the first denial decision on his behalf.

Both parties agree that the Plan authority provided as the basis for denying Plaintiff's benefits is Article 8, Section 8.2. Plaintiff notes that he was only advised of Section 8.2(a) being the basis for denying his first request for benefits; he was not advised that Section 8.2(c) was the basis for denying his second request for benefits. Defendant emphasizes that Article 3 and Article 14 of the Plan, in conjunction with the Summary Plan Description, confers discretionary authority on the Plan Administrator to determine eligibility for benefits or to construe the terms of the Plan. However, Plaintiff notes that the Plan itself does not bestow any authority to interpret the Plan, but merely identifies the Plan Administrator's tasks.

Both parties agree that "[i]f a plan endows administrators with discretionary authority to interpret the plan's terms or determine participant eligibility, a court should subject administrators' interpretations to a deferential standard of review." *See Bagsby v. Central States, SE & SW Areas Pension Fund*, 162 F.3d 424, 428 (6th Cir. 1998); *see also Firestone Tire & Rubber Co., et al. v. Bruch, et al.*, 489 U.S. 101, 115 (1989). This deference requires the court to determine whether the administrator's decisions were "arbitrary and capricious." *See Bagsby*, 162 F.3d at 428.

Plaintiff argues that a de novo standard of review is appropriate primarily because the Plan itself does not confer discretionary authority on the Plan Administrator and, alternatively, because the Plan Administrator's decision regarding Plaintiff's second request for benefits violated ERISA's procedural requirements. Plaintiff, however, filed a notice that he was not pursuing a procedure challenge on June 22, 2012. Plaintiff's alternate argument for de novo review where a procedural violation is alleged to have occurred is thus inapplicable.

Defendant argues that because the Summary Plan Description includes language granting the Plan Administrator discretionary authority, the appropriate standard of review is the arbitrary and capricious standard. The Sixth Circuit has concluded that where there is a conflict between the language of an employee benefits plan and a Summary Plan Description, the Summary Plan Description governs. *Edwards v. State Farm Mut. Ins. Co.*, 851 F.2d 134, 136 (6th Cir.1988). *Edwards* requires more than inconsistency; "rather, the [Summary Plan Description] and the plan document must directly conflict." *Foltice v. Guardsman Prods., Inc*., 98 F.3d 933, 938 (6th Cir.1996). However, there is no conflict between the unambiguous terms provided for in the Summary Plan Description providing the Plan Administrator discretionary authority and the Plan's terms which was silent as to the Plan Administrator's discretion.

Accordingly, it is **ORDERED** that the appropriate standard of review is the arbitrary and capricious standard of review.

It is further **ORDERED** that the parties each shall file their cross motion and brief to reverse or affirm the administrator's decision on or before **August 24, 2012.**

                              s/Thomas L. Ludington
                              THOMAS L. LUDINGTON
                              United States District Judge

Dated: July 25, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 25, 2012.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS

-4-