UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD OLSON,

    Plaintiff,        Case No. 12-10905
                   Honorable Thomas L. Ludington

v.

RWC, INC. BARGAINING EMPLOYEES'
PENSION PLAN,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT AFFIRMING
ERISA ADMINISTRATOR'S DECISION AND DENYING PLAINTIFF'S MOTION FOR
JUDGMENT TO REVERSE ADMINISTRATOR'S DECISION**

Plaintiff Donald Olson filed a complaint against Defendant RWC, Inc. Bargaining Employees' Pension Plan after his requests for disability pension benefits were denied. Resolution of this case necessarily turns on the interpretation of the pension plan at issue: specifically, whether employees must be totally disabled for 6 months at the time of their retirement in order to qualify for disability benefits. Because the plain language of the plan at issue provides that this is a requirement to qualify for benefits, the Plan Administrator's decision to deny Plaintiff's requests will be upheld.

**I**

**A**

Plaintiff worked for RWC, Inc. (RWC) for many years. On April 3, 2008, he notified RWC that he planned to voluntarily retire on April 21. Plaintiff wrote, "I Donald Olson am terminating my employment at RWC Inc on April 21 2008 and plan on freezing my pension till I am eligible to receive it at age 62 per current contract. I will also be taking the cobra insurance

that is available."  Admin. R. 57, ECF No. 16.  Although his last actual day at work was March 14, 2008, Plaintiff took paid vacation time through April 20, and retired the next day.

Over two years later, in May 2010, Plaintiff applied for disability benefits under the Social Security Act.  On September 22, 2010, Administrative Law Judge John L. Christensen found that Plaintiff had "been under a disability as defined in the Social Security Act since May 1, 2008, the alleged onset date of disability," *id.* at 72, and Plaintiff was granted social security benefits.  He then returned to RWC with the following:

> I would like to start drawing my disability pension as of May 1, 2008.  I know this period is retroactive but was just granted social security disability on Sept 29, 2010 [sic] retroactive to the May 1, 2008 date.  Which I am aware of as being the accepted criteria for RWC disability pension.

*Id.* at 62.

RWC utilizes the RWC, Inc. Bargaining Employees' Pension Plan (Pension Plan) and the corresponding Summary Plan Description (SPD) to cover its unionized workforce.  The Pension Plan and the SPD detail how and when employees may draw benefits.  Pursuant to Article 8, which governs payment of retirement benefits, "If a Participant shall retire as of the Participant's Normal Retirement Date, the Trustees shall take all necessary steps and execute all required documents to pay, or arrange to be paid, the Participant's normal retirement benefit . . . ."  Admin. R. 36.  If a Participant retires before their normal retirement date, as Plaintiff did, they may be eligible for a disability benefit if they satisfy certain requirements.  Section 8.2 of the Pension Plan outlines those requirements:

> A Participant shall be eligible for a disability benefit upon such Participant's retirement prior to age 65 if at the date of such retirement:
>
> > (a) such Participant was then employed by the Employer and has at least 15 years Continuous Service and Years of Credit Service combined; and

(b) such Participant shall have become totally disabled by injury or disease so as to be prevented thereby from engaging in employment with the employer; and

(c) such total disability shall have continued for a period of 6 consecutive months, and in the opinion of a duly licensed and qualified physician, it will be permanent and continuous for the remainder of such Participant's life.

*Id.* Section 8 of the SPD entitled "What if I become disabled?" tracks section 8.2 of the Pension Plan. It provides, "If you are actively employed and have a combined total of at least 15 years of Continuous Service and Credit Service and you become totally and permanently disabled for at least six months, you will be entitled to a monthly Disability Benefit." *Id.* at 5.

Because Plaintiff's disability was deemed to have begun on May 1, 2008, along with the fact that he voluntarily retired on April 21, 2008, Plaintiff's written request for disability pension benefits was denied. On October 5, 2010, Plaintiff received a letter from Patty Henika, RWC's Human Resource Manager. Ms. Henika established that because Plaintiff was "not employed by [RWC] on the effective date of [his] disability," section 8.2 of the Pension Plan foreclosed the possibility that he qualified for "a Disability Retirement Benefit from RWC." *Id.* at 78.

In response to that denial, Plaintiff submitted an affidavit to the Social Security Administration to amend the onset date of his disability from May 1, 2008 to the last day he actually worked, March 14, 2008. *Id.* at 75. Administrative Law Judge Christensen subsequently issued an opinion, dated December 9, 2010, indicating that Plaintiff "has been under a disability as defined in the Social Security Act since March 14, 2008, the amended alleged onset date of disability." *Id.* at 76.

After receiving this amended opinion from the Social Security Administration, Plaintiff sent a second written request for disability pension benefits to RWC. In this second request, he established that he still wished to draw disability pension benefits as of May 1, 2008, but

indicated that "[t]he date of onset of disability was amended to March 14 my last day of work." *Id*. at 74.

Plaintiff's second request was also denied.  On January 4, 2011, William Perlberg, the Pension Plan Administrator, wrote to Plaintiff, "The information you have provided to RWC has been reviewed with plan counsel.  The finding is that you do not qualify for a disability pension benefit with the RWC Bargaining Pension Plan.  If you wish to discuss this finding further, you may contact Patty Henika or myself at RWC."  *Id*. at 79.

Plaintiff, by his union, filed a grievance on January 13, 2011.  Pl.'s Compl. 3, ECF No. 1. RWC denied the grievance on March 30, 2011.  *Id*.  As there is no provision for an internal appeal of a denied grievance, Plaintiff filed this lawsuit against Defendant on February 29, 2012. Plaintiff alleges that Defendant's failure to grant and pay Plaintiff disability pension benefits was wrongful and breached the terms of the Pension Plan.  *Id*. at 5.

**B**

Because the Pension Plan is an employee welfare pension benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), the Court issued an ERISA scheduling order on April 24, 2012.  Both parties were instructed to file standard of review statements by May 8, 2012; procedural challenge statements by June 22; and Cross motions by August 3.

On May 7, 2012, Defendant filed a statement of the appropriate standard of review, calling for an arbitrary and capricious standard.  Defendant argued this was appropriate under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 105 (1989), because the Pension Plan "confers discretionary authority on the plan administrator to determine eligibility for benefits or to construe the terms of the plan."  Def.'s Stat. Stand. Rev. 2, ECF No. 8.  The next day, Plaintiff filed his statement.  He argued a de novo standard applies because the Pension Plan did not

contain "the required express and clear statement giving the Plan Administrator discretionary authority" to permit arbitrary and capricious review under *Firestone*.  Pl.'s Stat. Stand. Rev. 1, ECF No. 9.

On May 24, 2012, the Court ordered supplemental briefing on the issue.  In his brief, Plaintiff again argued that the Pension Plan did not contain the necessary discretionary language to establish an arbitrary and capricious standard of review, and that de novo review was therefore appropriate.  Pl.'s Supp. Br. 4–5, ECF No. 12.  Defendant likewise stuck with its original argument, claiming the Pension Plan did contain discretionary language, and therefore arbitrary and capricious review was warranted.  Def.'s Supp. Br. 6–7, ECF No. 13.  Upon reviewing the parties' briefs and arguments, the Court determined that the appropriate standard of review in the case was arbitrary and capricious, and extended the parties' deadline for cross motions until August 24, 2012.  Jul. 27, 2012 Order 4, ECF No. 15.

During this time period, both Plaintiff and Defendant established that there were no valid procedural challenges to the Plan Administrator's decision in this matter.  *See* Def.'s Stat. Proc. Chal. 2, ECF No. 11; Pl.'s Stat. Proc. Chal. 1, ECF No. 14.

On August 24, 2012, the parties submitted their respective motions concerning the ERISA administrator's decision.  Defendant filed a motion for judgment affirming that decision, while Plaintiff filed a motion for judgment to reverse.  Both parties then responded to the other's motion on September 6, 2012.  The issues raised by the parties in their motions and responses will now be addressed by the Court.

## II

The preliminary inquiry is outlining the appropriate standard of review to be applied.  Although the Court previously established an arbitrary and capricious standard of review was

appropriate, it appears that because Plaintiff worked in Michigan, a de novo standard should instead apply.

A participant or beneficiary of an ERISA qualified plan may file suit in federal court to recover benefits under the terms of a qualified plan. 29 U.S.C. § 1132(a)(1)(B).  Courts review the denial under a de novo standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U.S. at 115 (1989).  If a plan includes such discretionary authority, then a more deferential "arbitrary and capricious" standard applies. *Yeager v. Reliance Standard Life Insurance Co.,* 88 F.3d 376, 381 (6th Cir.1996).

However, as of July 1, 2007, the Michigan Office of Financial and Insurance Services (OFIS) prohibited policies authorizing discretionary authority provisions that would implicate an arbitrary and capricious standard of review.  Mich. Admin. Code R. 500.2201-02 (2012).  The code provides:

> (b) [After July 1, 2007], an insurer shall not issue, advertise, or deliver to any person in this state a policy, contract, rider, indorsement, certificate, or similar contract document that contains a discretionary clause. This does not apply to a contract document in use before that date, but does apply to any such document revised in any respect on or after that date.

> (c) [After July 1, 2007], a discretionary clause issued or delivered to any person in this state in a policy, contract, rider, indorsement, certificate, or similar contract document is void and of no effect. This does not apply to contract documents in use before that date, but does apply to any such document revised in any respect on or after that date.

Mich. Admin. Code R. 500.2202.  Discretionary clauses either provide for a standard of review on appeal that gives deference to the original claim decision, *id*. at R. 500.2201(c)(vi), or provide for a standard of review on appeal other than de novo review.  *Id*. at R. 500.2201(c)(vii).  The

Michigan code prohibits these clauses in *any* policy, contract, rider, indorsement, certificate, or similar contract that is revised after July 1, 2007. *Id*. at R. 500.2202(b)–(c).

Under its express preemption clause, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). But ERISA contains a savings provision that maintains, "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." § 1144(b)(2)(A).

In *American Council of Life Insurers vs. Ross*, 558 F.3d 600 (6th Cir. 2009), the Sixth Circuit considered the interplay between ERISA and the Michigan code. The plaintiff, American Counsel of Life Insurers, filed suit against defendant Ken Ross, the Commissioner of OFIS. The plaintiff claimed that the Michigan code is preempted by ERISA because it interferes with the statute's objectives, and that the rules do not fall within the ambit of ERISA's savings clause. *Id*. at 603. Squarely addressing the present issue, the court determined that the "Michigan rules fall within the ambit of ERISA's savings clause and are not preempted by that statute." *Id*. at 609. Accordingly, the court declared that ERISA plans in Michigan are subject to Michigan's rules, as outlined above. *Id*. Therefore, any ERISA plans issued or amended after July 1, 2007 require "*de novo* review of denials of ERISA benefits within Michigan." *Gray v. Mut. of Omaha Life Ins. Co.*, Case No. 11-15016, 2012 WL 2995469, at *3 (E.D. Mich. July 23, 2012).

Defendant's Pension Plan is an ERISA-governed Plan. The Pension Plan itself establishes that it was "amended and restated effective as of August 1, 2007." Admin. R. 16. Because the Pension Plan was amended after July 1, 2007, it is governed by Rule 500.2202. Therefore, a de novo standard of review applies, regardless of the presence of any discretionary

language.  *See Pierzynski v. Liberty Life Assur. Co. of Boston*, Case No. 10-14369, 2012 WL 3248238, at \*4 (E.D. Mich. Aug. 8, 2012).

The de novo standard requires a reviewing court to "determine whether the administrator made a correct decision."  *Hoover v. Provident Life & Accident Ins. Co.*, 290 F.3d 801, 808–09 (6th Cir. 2002) (internal quotation marks and citation omitted); *see also Lipker v. AK Steel Corp.*, 698 F.3d 923, 928 (6th Cir. 2012) (quoting *Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 367–68 (6th Cir. 2009)).  Review is confined to the evidence in the administrative record.  *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998).  "[T]he administrator's decision is accorded no deference or presumption of correctness."  *Hoover*, 290 F.3d at 809.  Based on the record before the plan administrator, "the court must determine whether the administrator properly interpreted the plan and whether the insured was entitled to benefits under the plan."  *Id.*  When interpreting ERISA plan provisions, general principles of contract law apply; unambiguous terms are given their "plain meaning in an ordinary and popular sense."  *Lipker*, 698 F.3d at 928 (quoting *Farhner v. United Transp. Union Discipline Income Protection Program*, 645 F.3d 338, 343 (6th Cir. 2011)).

### III

Applying the de novo standard of review to the facts contained in the administrative record, it is apparent that the Pension Plan Administrator made the correct decision when he denied Plaintiff's requests for disability benefits.  Plaintiff is not entitled to disability pension benefits under the plain language in the Pension Plan, and the administrator's decision will be affirmed.[1]

---

[1] Although Plaintiff's motion addressed only the arbitrary and capricious standard of review (in compliance with the Court's earlier order), because Plaintiff's arguments cannot prevail under a de novo standard of review, he necessarily cannot prevail under an arbitrary and capricious standard.

**A**

When Plaintiff originally requested disability benefits in September 2010, he indicated that he was disabled as of May 1, 2008. According to the language of the Pension Plan, an employee only qualifies for disability benefits when that individual, "at the date of [his] retirement . . . shall have become totally disabled by injury or disease." Admin. R. 36. Because Plaintiff voluntarily retired on April 21, 2008, prior to his established date of disability, it was fully appropriate for his benefits request to be denied at that time.

When Plaintiff requested disability benefits a second time, in December 2010, he indicated that he was disabled as of March 14, 2008 instead of May 1, 2008. With the amended date of disability, Plaintiff did satisfy the language of the Pension Plan requiring that he be totally disabled at the time of his retirement to qualify for benefits. Section 8.2(c) of the Pension Plan, however, provides an additional requirement: to qualify for benefits, "at the date of [his] retirement . . . [an individual's] total disability *shall have continued for a period of 6 consecutive months*." Admin. R. 36 (emphasis added). The Pension Plan does not establish that such total disability will continue for 6 months after retirement, but shall have continued for 6 months *upon the date of retirement*. The plain reading of this language is that for Plaintiff to qualify for disability benefits under the Pension Plan, he must have been totally disabled for 6 continuous months at the time of retirement.

The evidence in the administrative record establishes that Plaintiff was not so disabled. Plaintiff was under the care of Tri City Urology, P.C. between January 21 and January 29, 2008. Plaintiff was cleared to return to work on January 30, 2008 without restrictions or limitations. *Id*. at 59. The evidence further establishes that Plaintiff did return to work on or about February 4, 2008, and worked until his last day, March 14, 2008. *Id*. at 75. Such evidence affirmatively disqualifies Plaintiff from disability pension benefits under the Pension Plan. At the time of his

retirement, he had not been totally disabled for a continuous 6 months; but merely 6 weeks. It follows that the Plan Administrator's decision to deny benefits was the correct decision, well-supported by the administrative record and the language of the Pension Plan itself.

Plaintiff disagrees, and invites the Court to consider only the following language from section 8.2 of the Pension Plan: "A participant shall be eligible for a disability benefit [if] . . . (c) such total disability shall have continued for a period of 6 consecutive months." Pl.'s Mot. 6–7. According to Plaintiff, "[t]hat provision is not ambiguous. It says nothing about a total disability having to preexist for six (6) months as of the date of a retirement." Pl.'s Mot. 7 (internal quotation marks and citation omitted). Plaintiff goes on to describe the contrary interpretation as "unrealistic and tortured." *Id*.

But it is Plaintiff's rendition of the Pension Plan language that is without merit. Plaintiff has removed the pivotal words that establish the total disability must have existed for 6 months at the time of retirement: "A Participant shall be eligible for a disability benefit upon such Participant's retirement prior to the age of 65 *if at the date of such retirement*: . . . such total disability shall have continued for a period of 6 consecutive months." Admin. R. 37 (emphasis added). Contrary to Plaintiff's assertion, the Pension Plan language requires the disability to have preexisted for 6 months at the time of retirement. The only manner in which Plaintiff could advance an argument to the contrary was to remove the modifying language entirely. Such an approach quickly loses traction when the Pension Plan itself is available for review.

Plaintiff further argues that such an interpretation is a "No-win" for participants, as "[n]o participant would be entitled to benefits if he had to work for six months and at the same time be totally disabled from working." Pl.'s Mot. 7. But it is not this Court's business to assess what plan provisions should or should not mean when the language is clear. In this case, RWC

employees are only qualified for disability pension benefits if they have been totally disabled for 6 months at the time of their retirement. Accordingly, the denial of Plaintiff's disability benefits request will be upheld.

<strong>B</strong>

Plaintiff offers two additional rationales for reversing the Plan Administrator's decision in this case: (1) the Plan Administrator did not properly set forth the specific reasons for the denial of Plaintiff's request contrary to 29 U.S.C. § 1133(1); and (2) there exists a conflict of interest on the part of the Plan Administrator, William Perlberg, as he is also the President of RWC (which would be required to pay benefits if Plaintiff's request was approved). Section 1133(1) of ERISA provides:

> In accordance with regulations of the Secretary, every employee benefits plan shall —
>
> (1)    provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, *setting forth the specific reasons for such denial*, written in a manner calculated to be understood by the participant, and

29 U.S.C. § 1133(1) (emphasis added). The implementing regulations require that an ERISA administrator provide a claimant with written notice of any adverse benefit determination, including "[t]he specific reason or reasons for the adverse determination." 29 C.F.R. § 2560.503-1(g)(1)(i).

Challenges to this requirement are procedural. *See McCartha v. National City Corp.*, 419 F.3d 437, 444 (6th Cir. 2005) (determining whether the requirements of § 1133 have been satisfied involves the legal question of "whether the procedure employed by the fiduciary in denying the claim meets the requirements of § 1133."). *See also Houston v. Unum Life Ins. Co. of Am.*, 246 F. App'x 293, 299 (6th Cir. 2007) (unpublished table opinion) ("We review *de novo* the legal question of whether the procedure employed by a plan administrator in terminating

benefits meets the requirements of § 1133.") (citation omitted); *Stoll v. W. & S. Life Ins. Co.*, 64 F. App'x 986, 991 (6th Cir. 2003) (unpublished table opinion) (determinations of whether the requirements of 29 U.S.C. § 1133 have been satisfied involves "evaluating benefits decisions for procedural errors.").

Likewise, Plaintiff's assertion of bias is a procedural challenge as well. *See Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 618 (6th Cir. 1998) (Gilman, J., concurring) ("an alleged lack of due process afforded by the administrator or alleged bias on its part" constitutes "an ERISA claimant's procedural challenge to the administrator's decision.").

Although Plaintiff raises these challenges in his motion, such challenges have already been waived when he submitted a statement of no procedural challenge on June 22, 2012. As the Sixth Circuit established in *Leffew v. Ford Motor Co.*, 258 F. App'x 772 (6th Cir. 2007) (unpublished table opinion),

> [P]laintiff's "Statement of No Procedural Challenge" constituted a waiver of any claim that plaintiff's extended disability benefits were terminated in violation of the procedural requirements of 29 U.S.C. § 1133. Consequently, we do not reach the question of whether the procedures employed by [the plan administrator] substantially complied with the requirements of § 1133.

*Id.* at 777. Because Plaintiff has already established he "is not asserting a procedural challenge to the decision denying disability retirement benefits," Pl.'s Stat. Proc. Chal. 1, the issue has been waived and will not be addressed now.

## IV

Accordingly, it is **ORDERED** that Defendant's Motion for Judgment Affirming ERISA Administrator's Decision is **GRANTED**.

It is further **ORDERED** that Plaintiff's Motion for Judgment to Reverse Administrator's

Decision is **DENIED**.


Dated: January 14, 2013                                      s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing
order was served upon each attorney or party of record
herein by electronic means or first class U.S. mail on
January 14, 2013.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS