UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD OLSON,

        Plaintiff,                              Case No. 12-10905
                                                            Honorable Thomas L. Ludington

v.

RWC, INC. BARGAINING EMPLOYEES'
PENSION PLAN,

        Defendant.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Donald Olson filed a complaint against Defendant RWC, Inc. Bargaining Employees' Pension Plan after his requests for disability pension benefits were denied. In addressing his claims, the Court determined that the plain language of the ERISA plan at issue provides that employees must have been totally disabled for 6 months at the time of their retirement in order to qualify for disability benefits. Because Plaintiff was not, the Plan Administrator's decision to deny his requests for benefits was upheld.

Plaintiff filed a motion for reconsideration, asserting that no such requirement is found in the Summary Plan Description (SPD), and therefore, no such requirement can be applied to his benefits claims. While Plaintiff is correct that the language in the governing plan and the SPD do not match word for word, there is no direct conflict between them. Plaintiff's motion for reconsideration will be denied.

**I**

**A**

Plaintiff worked for RWC, Inc. (RWC) for many years. On April 3, 2008, he notified RWC that he planned to voluntarily retire on April 21. Plaintiff wrote, "I Donald Olson am

terminating my employment at RWC Inc on April 21 2008 and plan on freezing my pension till I am eligible to receive it at age 62 per current contract.  I will also be taking the cobra insurance that is available." Admin. R. 57, ECF No. 16.  Although his last actual day at work was March 14, 2008, Plaintiff took paid vacation time through April 20, and retired the next day.

Over two years later, in May 2010, Plaintiff applied for disability benefits under the Social Security Act.  On September 22, 2010, Administrative Law Judge John L. Christensen found that Plaintiff had "been under a disability as defined in the Social Security Act since May 1, 2008, the alleged onset date of disability," *id*. at 72, and Plaintiff was granted social security benefits.  He then returned to RWC with the following:

> I would like to start drawing my disability pension as of May 1, 2008.  I know this period is retroactive but was just granted social security disability on Sept 29, 2010 [sic] retroactive to the May 1, 2008 date.  Which I am aware of as being the accepted criteria for RWC disability pension.

*Id*. at 62.

RWC utilizes the RWC, Inc. Bargaining Employees' Pension Plan (Pension Plan) and the corresponding Summary Plan Description (SPD) to cover its unionized workforce.  The Pension Plan and the SPD detail how and when employees may draw benefits.  If a Participant retires before their normal retirement date, as Plaintiff did, they may be eligible for a disability benefit if they satisfy certain requirements.  Section 8.2 of the Pension Plan outlines those requirements:

> A Participant shall be eligible for a disability benefit upon such Participant's retirement prior to age 65 if at the date of such retirement:
>
> (a) such Participant was then employed by the Employer and has at least 15 years Continuous Service and Years of Credit Service combined; and
>
> (b) such Participant shall have become totally disabled by injury or disease so as to be prevented thereby from engaging in employment with the employer; and

>     (c) such total disability shall have continued for a period of 6 consecutive months, and in the opinion of a duly licensed and qualified physician, it will be permanent and continuous for the remainder of such Participant's life.

*Id*. at 36.  Section 8 of the SPD entitled "What if I become disabled?" tracks section 8.2 of the Pension Plan.  It provides, "If you are actively employed and have a combined total of at least 15 years of Continuous Service and Credit Service and you become totally and permanently disabled for at least six months, you will be entitled to a monthly Disability Benefit."  *Id*. at 5.

Because Plaintiff's disability was deemed to have begun on May 1, 2008, after he voluntarily retired on April 21, 2008, Plaintiff's written request for disability pension benefits was denied.  In response to that denial, Plaintiff submitted an affidavit to the Social Security Administration to amend the onset date of his disability from May 1, 2008 to the last day he actually worked, March 14, 2008.  *Id*. at 75.  Administrative Law Judge Christensen subsequently issued an opinion, dated December 9, 2010, indicating that Plaintiff "has been under a disability as defined in the Social Security Act since March 14, 2008, the amended alleged onset date of disability."  *Id*. at 76.

After receiving this amended opinion from the Social Security Administration, Plaintiff sent a second written request for disability pension benefits to RWC.  In this second request, he established that he still wished to draw disability pension benefits as of May 1, 2008, but indicated that "[t]he date of onset of disability was amended to March 14 my last day of work." *Id*. at 74.

Plaintiff's second request was also denied.  On January 4, 2011, William Perlberg, the Pension Plan Administrator, wrote to Plaintiff, "The information you have provided to RWC has been reviewed with plan counsel.  The finding is that you do not qualify for a disability pension

benefit with the RWC Bargaining Pension Plan. If you wish to discuss this finding further, you may contact Patty Henika or myself at RWC." *Id*. at 79.

Plaintiff, by his union, filed a grievance on January 13, 2011. Pl.'s Compl. 3, ECF No. 1. RWC denied the grievance on March 30, 2011. *Id*. As there is no provision for an internal appeal of a denied grievance, Plaintiff filed this lawsuit against Defendant on February 29, 2012. Plaintiff alleges that Defendant's failure to grant and pay his disability pension benefits was wrongful and breached the terms of the Pension Plan. *Id*. at 5.

**B**

Because the Pension Plan is an employee welfare pension benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), the Court issued an ERISA scheduling order on April 24, 2012. This order was subsequently amended to require cross motions concerning the Plan Administrator's decision on August 24, 2012. On that day, and in compliance with this Court's order, Defendant filed a motion for judgment affirming the Plan Administrator's decision, while Plaintiff filed a motion for judgment to reverse. After review, the Court concluded that the Pension Plan and SPD required that Plaintiff be disabled for six months at the time of his retirement, which he was not, and therefore affirmed the denial of benefits.

Plaintiff then filed a motion for reconsideration. Plaintiff alleges that "[t]here is a direct conflict between the Pension Plan and the SPD. The SPD provides that the participant while actively employed becomes disabled versus the Plan's term that disability 'shall have continued' for six months before retirement." Pl.'s Mot. ¶ 2, ECF No. 23. Plaintiff concludes that he "became disabled on March 14, 2008, his last day of active employment, and his disability has continued more than six months." *Id*. at ¶ 7. He concludes, "based on the SPD's provision plaintiff is entitled to a disability pension benefit." *Id*.

**II**

A motion for reconsideration will be granted if the moving party shows: "(1) a 'palpable defect,' (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Michalec*, 181 F. Supp. 2d at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Michalec*, 181 F. Supp. 2d at 734 (brackets omitted) (quoting E.D. Mich. LR 7.1(h)(3)).

**III**

Plaintiff asserts that the Court was misled by a "palpable defect" in affirming the Plan Administrator's decision. Specifically, Plaintiff believes that the SPD does not require his disability to preexist retirement for six months — that a direct conflict between the SPD and the Pension Plan results — and that the SPD should therefore govern the resolution of this case. But upon review of the SPD and the Pension Plan, no direct conflict exists.

Because employees rely on SPDs in making decisions about their future benefit needs, the Sixth Circuit has held that language in an SPD may control over any conflicting language in the employee benefit plan itself. *Lipker v. AK Steel Corp.*, 698 F.3d 923, 931 (6th Cir. 2012). *See also Univ. Hosps. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 850–51 (6th Cir. 2000). This does not mean, however, that an omission from the SPD will, by negative implication, be deemed to alter the terms of the plan itself. *Sprague v. General Motors Corp.*, 133 F.3d 388, 401 (6th Cir. 1998). Silence in the SPD regarding a term the plan defines more explicitly does not

make out a "conflict." *Id.* "The reason is obvious: by definition, a summary will not include every detail of the thing it summarizes." *Id.*

Although the SPD here establishes that it was not intended to replace the Pension Plan, and that if "any conflict should arise between this SPD and the Plan document . . . then the terms of the Plan document . . . will govern in all cases," Admin. R. 10, this language is of no effect. This is because "[u]nfairness will flow to the employee for reasonably relying on the summary booklet" if a company can "publish and distribute a plan summary booklet designed to simplify and explain a voluminous and complex document and then proclaim that any inconsistencies will be governed by the plan." *Edwards v. State Farm Mut. Auto. Ins. Co.*, 851 F.2d 134, 136 (6th Cir. 1988) (quoting *McKnight v. Southern Life and Health Ins. Co.*, 758 F.2d 1566, 1570 (11th Cir. 1985)).

However, a mere "inconsistency" between the SPD and the Pension Plan is insufficient to invoke the rule that the SPD governs; instead, the SPD and the Pension Plan must "directly conflict." *Valeck v. Watson Wyatt & Co.*, 92 F. App'x. 270, 272 (6th Cir.2004). Further, "under the law of this circuit, language in a plan summary that is merely ambiguous should not be permitted to trump unambiguous language in the plan itself." *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 938 (6th Cir. 1996); *see also Lake v. Metropolitan Life Ins. Co.*, 73 F.3d 1372, 1379 (6th Cir. 1996) (resolving ambiguity in summary plan description by referring to clarifying language in plan documents). Thus, while a conflict exists where the SPD misleads or fails to state additional requirements contained in the plan document, *see Edwards*, 851 F.2d at 136, there is no conflict where the plan document merely clarifies the summary's general language, *see Foltice*, 98 F.3d at 938.

The SPD provides, "If you are actively employed and have a combined total of at least 15 years of Continuous Service and Credit Service and you become totally and permanently disabled for at least six months, you will be entitled to a monthly Disability Benefit." Admin. R. 5. The Pension Plan provides,

> A Participant shall be eligible for a disability benefit upon such Participant's retirement prior to age 65 if at the date of such retirement: . . . (b) such Participant shall have become totally disabled by injury or disease so as to be prevented thereby from engaging in employment with the Employer; and (c) such total disability shall have continued for a period of 6 consecutive months, and in the opinion of a duly licensed and qualified physician, it will be permanent and continuous for the remainder of such Participant's life.

*Id*. at 36.

There is no direct conflict here. As established by *Edwards*, more than simple inconsistency is required for the SPD to trump the Pension Plan. *See Valeck*, 92 F. App'x at 272 (*Edwards* "requires more than an inconsistency of terms. The SPD and the plan must directly conflict."); *see also Garst v. Wal-Mart Stores, Inc.*, 30 F. App'x 585, 592–93 (6th Cir. 2002) ("reliance on *Edwards* was misplaced when there was nothing to indicate a conflict between the terms of the SPD and those of the underlying ERISA plan"); *Anderson v. Mrs. Grissom's Salads, Inc.*, 221 F.3d 1333, at *5 (6th Cir. June 19, 2000) (" *Edwards* requires more than inconsistency; rather, the SPD and the Plan document must directly conflict.").

The SPD provides that an employee must be disabled for "at least six months" to become "entitled to a monthly Disability Benefit." Admin. R. 5. It could be argued that this language is ambiguous in that it does not establish the disability must preexist retirement, but "language in a plan summary that is merely ambiguous should not be permitted to trump unambiguous language in the plan itself." *Foltice*, 98 F.3d at 938; *see also Lake*, 73 F.3d at 1379. The Pension Plan establishes beyond all doubt that at the time of retirement, the "total disability shall have

continued for a period of 6 consecutive months." Admin. R. 36. The SPD does not establish otherwise.

Because the language of the Pension Plan and the SPD do not directly conflict — at best the SPD is simply ambiguous as to the timing of the disability — the language of the Pension Plan will govern. It follows that the Court was not misled by any "palpable defects," and the Plan Administrator's decision was appropriate.

### IV

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration, ECF No. 23, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 7, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 7, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS